## COMMERCIAL DRILLING CO. v. McKEE, Ex'x, et al.

## PENNOK OIL CORP. v. SAME.

Nos. 20886, 20889. Opinion Filed Jan. 3, 1933.

Rehearing Denied Feb. 28, 1933.

M. C. Rodolf, for plaintiff in error Commercial Drilling Company.

Geo. S. Ramsey, Edgar A. deMeules, Villard Martin, and Garrett Logan, for plaintiff in error Pennok Oil Corporation.

Samuel A. Boorstin and J. F. Conway, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Tulsa county by defendant in error herein, W. R. McKee, who will be hereinafter referred to as plaintiff, against Jack Reed, Cato Oil & Gas Company, a corporation, and Commercial Drilling Company, a corporation, defendants below, and by permission of the court, upon the application of the plaintiff, the Pennok Oil Corporation, a corporation, was made party defendant, to recover damages against said above named defendants on account of the death of plaintiff's cattle and damage to plaintiff's cattle caused by their drinking

water from a stream alleged to have been polluted by reason of oil operations by defendants upon their several leases, wherein the defendants produced large quantities of salt water, and discharged salt water, oil, and refuse from their said oil wells into a draw or stream which flowed through plaintiff's pasture, from which stream said cattle of plaintiff drank, in violation of the statutes of the state of Oklahoma, in utter disregard of plaintiff's rights, and that the discharging of large quantities of salt water, oil, and refuse from said oil wells into said stream contaminated the same and rendered the same unfit and poisonous for use by cattle, and that large numbers of cattle from time to time drank from said water so contaminated by defendants, and as a direct and approximate result thereof died, as shown by itemized statement set out in petition, and other cattle of plaintiff, while not killed, were made sick and diseased and depreciated in value, as set out in itemized statement in plaintiff's petition.

The defendants Cato Oil & Gas Company, a corporation, and Commercial Drilling Company, a corporation, filed separate answers by way of general denial.

Pennok Oil Corporation, a corporation, filed separate answer by way of general denial, and also alleged that plaintiff's damages if any, were caused by his own want of care and negligence.

At the close of plaintiff's evidence the defendants Commercial Drilling Company, Cato Oil & Gas Company, and Pennok Oil Corporation filed their separate demurrers thereto, which were overruled by the court. Thereupon the defendants introduced their evidence and rested, and the plaintiff thereupon introduced evidence in rebuttal and rested, and at the close thereof the defendants Pennok Oil Corporation, Commercial Drilling Company, and Cato Oil & Gas Company separately moved for directed verdicts in their favor, which were overruled by the court.

The jury returned a verdict in favor of the plaintiff and against the defendants in the sum of $3,900. The defendants Cato Oil & Gas Company, a corporation, Pennok Oil Corporation, and Commercial Drilling Company filed their separate motions for a new trial, which were overruled; notice of appeal given in open court, and the defendants Commercial Drilling Company and Pennok Oil Corporation bring the cause here for review by separate case-mades and petitions in error; the Commercial Drilling

Company appeal being No. 20886, and the Pennok Oil Corporation being No. 20889, and by stipulation of the two appealing defendants and on order of this court, the two appeals were consolidated under No. 20886.

Defendant in error, W. R. McKee, having departed this life on or about the 26th day of November, 1932, and on application to revive having been filed herein in the name of Cora B. McKee, executrix of the last will and testament of W. R. McKee, deceased, this cause is revived in the name of Cora B. McKee, executrix of the last will and testament of W. R. McKee, deceased.

We will first consider the assignment of error presented by plaintiff in error Commercial Drilling Company, to wit:

"That the verdict and judgment are contrary to law and the evidence."

Under this assignment of error the said plaintiff in error contends the question of law with reference thereto has been clearly and firmly settled by this court in the case of Walters et al. v. Prairie Oil & Gas Company et al., 85 Okla. 77, 204 P. 906, upon which decision they rely for reversal of this case.

The record discloses that it was agreed between the parties that the plaintiff was the owner of the fee-simple title of the N. ½ of the N. W. ¼ of section 20 and that the defendant Pennok Oil Corporation was at all times mentioned in the petition the owner of an oil and gas lease thereon; that the record further discloses that the Pennok Oil Corporation had producing well or wells on said property which produced some salt water. That the Commercial Drilling Company had producing wells in section 19 and in the southwest corner of section 20.

The record further discloses that all of said properties of said defendants were in the watershed of a creek known as Fisher creek.

The plaintiff in error admits in its brief that the evidence disclosed that each of the defendants owned oil and gas leases abutting said stream and that each of the said leases was producing oil at all of the times complained of and that each of the lessees permitted refuse, salt water, and b. s. to escape into said stream.

The record further discloses that the cattle drank the water from said stream of Fisher creek in sections 17 and 18; that there were fences between section 20 and sections 17 and 18, and that the cattle were

not in section 20 and did not drink any water on the land of the plaintiff in section 20, upon which the tenant of plaintiff, the defendant Pennok Oil Corporation, had a lease and producing well. That the plaintiff did not consent to the polluting of the said stream by his tenant, Pennok Oil Corporation, but made complaint with reference thereto. That the polluting of said stream by the tenant of plaintiff and the other defendants was not by the consent of plaintiff and was not as the result of the ordiary use of the premises by the tenant of plaintiff.

The polluting of said stream by the defendants was in violation of section 6526, C. O. S. 1921 [O. S. 1931, sec. 4782], and section 7969, C. O. S. 1921 [O. S. 1931, sec. 11580], which read as follows:

Section 6526, C. O. S. 1921 [O. S. 1931, sec. 4782]:

"No person shall deposit, place, throw, or permit to be deposited, placed or thrown, any lime, dynamite, poison, drug, sawdust, crude oil or other deleterious substance, in any of the streams, lakes or ponds of this state, and any person violating the provisions of this section shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not exceeding one year."

Section 7969, C. O. S. 1921 [O. S. 1931, sec. 11580]:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool, or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

The plaintiff in error contends that it is not liable, for the reason that the plaintiff cannot recover for damages for polluting a stream in a case where his own tenant pollutes the stream along with other defendants, unless he can separate the damage caused by his own tenant from that caused by the other defendants. Citing the case of Walters et al. v. Prairie Oil & Gas Company et al., supra.

The case at bar is distinguished from the said Walters et al. v. Prairie Oil & Gas Co. et al., supra. In the case at bar the evidence showed: First, that the plaintiff's cattle were killed and damaged by drinking water from the stream not upon the land of plaintiff upon which one of the defendants, the Pennok Oil Corporation, had an oil and gas lease and producing well or wells, but were damaged by drinking the water from said stream where it went through other lands of the plaintiff after said stream had been contaminated by the acts of defendants; second, that the plaintiff did not consent to, nor aid or assist in the polluting of said stream by his said tenant, the Pennok Oil Corporation, who is a party defendant; third, that the said stream was not polluted as a result of the ordinary use of the premises by the tenant; fourth, the tenant was made a party defendant along with the other lessees that contributed to the pollution of said stream.

In the Walters Case, supra, the facts showed: First, that the tenant was not made a party to the suit; second, that the plaintiff, the owner of the land in the Walters Case, supra, dug a ditch from the low marsh or swamp land on his farm connecting the same with the creek that was polluted, and that plaintiff therein maintained said drainage ditch, and the Walters Oil Company cut a ditch from their wells and connected the same with the drainage ditch which had been previously dug by the plaintiffs therein, so that the salt water and waste from the wells of the Walters Oil Company flowed into the ditch that had been dug by the plaintiffs and was then being maintained and kept open by the plaintiffs from the swamp land on their farm into the creek, and that the plaintiffs had the exclusive control over the drainage ditch and kept it open, and through it they caused all the salt water and waste oil that came from the wells of the Walters Oil Company on their farms to flow and be emptied into the creek.

This court, in the Walters Case, supra, found that the evidence not only showed that the defendants therein polluted the stream therein as alleged, but that the plaintiffs' tenant, who was not sued, also polluted the stream and inflicted part of the consequential injury to the plaintiffs' land, either with the consent of the plaintiffs or as the result of the ordinary use of the premises for the purposes for which they were held.

We are therefore of the opinion that the Walters Case, supra, is not in point with the case at bar, for the reason: First, that the evidence in the Walters Case, supra, showed that the plaintiff therein contributed to the pollution of the stream in question by the

digging of a drainage ditch and maintaining the same, through which the salt water, refuse, etc., of the Walters Oil Company emptied into said creek; while in the case at bar the plaintiff did not consent to or in any way contribute to the pollution of the stream in question, but, on the other hand, made objections thereto; second, in the Walters Case, supra, the evidence tended to show that the damage was contributed to by the Walters Oil Company as a result of the ordinary use of the premises for which they were held; while in the case at bar the damage was not contributed to by the plaintiff in error Pennok Oil Corporation as a result of the ordinary use of the premises for which they were held, but was due to its negligence and in violation of the statutes of Oklahoma.

Under the facts in the case at bar, we are of the opinion that the assignment of error heretofore set out is without merit, and the holdings in this case are not in conflict with the holding in the case of Walters et al. v. Prairie Oil & Gas Co. et al., supra.

The Pennok Oil Corporation presents all of its assignments of error under the one assignment of error, to wit:

"There is no evidence of any salt water or any oil field refuse which was discharged into the stream by Pennok Oil Corporation."

This assignment of error is without merit. The said plaintiff in error admits in its brief that salt water was produced on the lease of the Pennok Oil Corporation, and J. L. McKee, a witness for plaintiff, testified as follows:

"Q. Any time after September 1, 1927, did you ever go by the wells of the Commercial Drilling Company? A. Yes, sir. Q. What did you see? A. I saw the wastage and the vegetation there. Q. Go ahead. A. Salt water was running over the slush pond and going down the stream. Q. What were they pumping there? A. Oil and salt water. Q. You say you saw salt water running in the stream? A. Yes, sir. * * * Q. Did you between September 1, 1927, and April, 1928, ever go by the wells of the Pennok Oil Corporation in the north half of section 20? A. Yes, sir. Q. What did you see? A. They pumped that well also daily and some salt water in the slush pond and it leaked same as the other."

Also E. A. Morgan, witness for the plaintiff, testified as follows:

"Q. Did you ever, during September, 1927, to April, 1928, ever go by the Pennok lease and the Commercial Drilling Company lease or the Cato Oil Company lease? A. Yes, sir. Q. How often? A. Sometimes once a week and sometimes oftener. Q. Tell the jury whether or not any of these wells were pumping salt water, and if so, which one. A. I seen salt water pumped on the Pennok and on the Commercial Drilling Company. Q. Any other wells? A. Cato. * * * Q. You say you had been across this Pennok Lease? A. Yes, sir. Q. When? A. Yesterday. Q. That the first time you were across it? A. No, sir. Q. Were you across it in the winter of 1928? A. Yes, sir. Q. Look about the same now as it did then? A. Yes, sir. Q. A slush pond on that lease? A. Yes, sir. Q. It is in about the same condition now as it was in 1927 and 1928? A. Yes, sir; something near. Q. About? A. Something near about. Q. Vegetation killed around it too? A. Yes, sir. Q. Grass dead? A. Yes, sir. Q. Trees dead? A. By the slush pond. Q. Around the slush pond? A. Yes, sir."

W. R. McKee, the plaintiff, testified:

"Q. Point out the Pennok Oil Corporation lease. A. Here. Q. I will ask you if you went by that? A. Yes, sir. Q. Tell the jury whether or not it was pumping salt water. A. Yes, sir."

Without quoting further from the evidence we are of the opinion that there was evidence that the Pennok Oil Corporation discharged salt water into the Fisher creek which contributed to plaintiff's damage.

The judgment of the trial court is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER, J., absent.